# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ANGELICA SANDOVAL, § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 4:22-CV-00318 |
| v. § | Judge Mazzant |
| § | |
| TBA TRANSPORT, LLC and § | |
| ERIK G. CASTRO, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #5). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

On February 25, 2022, Plaintiff Angelica Sandoval ("Sandoval") filed this negligence action against Defendants TBA Transport, LLC ("TBA") and Erik G. Castro ("Castro") with the 62nd Judicial District Court in Hopkins County, Texas (Dkt. #2). On March 2, 2022, Sandoval executed service on both defendants by serving the Texas Secretary of State as their statutory process agent, pursuant to Chapter 17 of the Texas Civil Practice and Remedies Code (Dkt. #5 ¶ 2). On March 9, 2022, the Secretary of State forwarded a copy of the citation, Sandoval's petition, and Sandoval's Rule 194 Request for Disclosure to both defendants (Dkt. #5, Exhibits 1, 2). On March 25, 2022, Castro received Sandoval's petition (Dkt. #7 ¶ 7). On April 8, 2022, Castro filed his answer in state court (Dkt. #3). On April 15, 2022, Castro removed the case to the undersigned Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (Dkt. #1) (the "Notice of Removal").

On May 10, 2022, Sandoval filed the present motion to remand (Dkt. #5), arguing first that Castro waived his right to remove the case from state court to federal court by untimely filing the Notice of Removal and further defending the action in state court (Dkt. #5 ¶ 13). Sandoval also argues that Castro did not properly allege complete diversity of citizenship in the Notice of Removal because the Notice fails to allege the citizenship of TBA's members or managers (Dkt. #5 ¶ 24). On May 24, 2022, Castro filed a response in opposition to Sandoval's motion to remand, arguing that the Notice of Removal was timely filed and further identifying the citizenship of TBA's members (Dkt. #7). On May 31, 2022, Sandoval filed her reply (Dkt. #8).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."

*Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

Section 1446 establishes the procedures by which a defendant may remove a suit filed in state court to federal court. *See* 28 U.S.C. § 1446. A notice of removal must normally be filed within thirty days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within thirty days of service of summons if the state's rules of procedure do not require the defendant to be served, whichever period is shorter. 28 U.S.C. § 1446(b). Similarly, § 1447 establishes the procedures following removal. Section 1447 specifically provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] days after the filing of the notice of removal." 28 U.S.C. § 1447(c). In contrast, if a court finds that it lacks subject matter jurisdiction, the court must remand the case, even if the thirty days have passed. *Id*.

## ANALYSIS

In requesting this case be remanded to state court, Sandoval first argues that Castro has waived his right to removal by defending the action in state court and untimely filing his notice of removal (Dkt. #5 ¶¶ 16–17). Sandoval next argues that Castro has not sufficiently shown diversity of citizenship because he did not properly allege the citizenship of TBA's members in the Notice of Removal (Dkt. #5 ¶ 24). In response, Castro contends that the Notice of Removal was timely filed and provides further evidentiary support identifying the citizenship of TBA's members (Dkt. #7 ¶ 1). The Court will consider each argument in turn.

I.  **Waiver of Right of Removal**

Sandoval asserts that Castro waived his right to removal by "defend[ing] this action in state court by filing his answer, asserting affirmative defenses, requesting discovery, and requesting [Sandoval's] deposition" (Dkt. #5 ¶ 15). A defendant may waive its right to removal "by

3

proceeding to defend the action in state court or otherwise invoking the processes of that court." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986), *superseded in part by statute as recognized by Mathis v. DCR Mortg. III Sub. I, LLC*, 942 F. Supp. 2d 649, 650–51 (W.D. Tex. 2013). However, a party's waiver of its right to removal must be "clear and unequivocal." *City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004), *cert. denied*, 543 U.S. 1187 (2005) (quoting *McDermott Int'l, Inc. v. Lloyd's Underwriters*, 944 F.2d 1199, 1212 (5th Cir. 1991)). The waiver must "'indicate a specific, positive intent to proceed in state court.'" *Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 379 (S.D. Tex. 2006) (quoting *Jacko v. Thorn Ams., Inc*., 121 F. Supp. 2d 574, 575 (E.D. Tex. 2000)). Further, to constitute a "clear and unequivocal" waiver, the "defendant's conduct must seek a binding decision [from the state court], not just seek to maintain the 'status quo.'" *Baxter v. Hastings*, No. 3:22-CV-1095, 2022 WL 2306825, at *2 (N.D. Tex. June 28, 2022) (citations omitted). "Absent seeking an adjudication on the merits, the right to remove a case to federal court is not lost when the party participates in state court proceedings." *Marroquin v. Home Depot USA, Inc.*, No. 1:13-CV-371, 2013 WL 11332951, at *5 (E.D. Tex. Aug. 16, 2013).

Under this framework, district courts in the Fifth Circuit "have consistently held that the filing of an answer does not waive the right to remove because it merely preserves the status quo." *Baxter v. Hastings*, 2022 WL 2306825, at *2 (collecting cases). Similarly, asserting affirmative defenses and engaging in limited discovery or other non-dispositive activity in state court prior to removal does not "clearly and unequivocally" establish that the defendant was seeking a resolution of the dispute on the merits. *See Marroquin*, 2013 WL 11332951, at *5 (finding no waiver where defendant proceeded with discovery in state court and noticed a deposition); *Pennington v. Carmax Auto Superstores Inc.*, No. H-09-1937, 2010 WL 1050266, at *2 (S.D. Tex. Mar. 17, 2010) (finding

4

no waiver where defendant filed answer seeking special exceptions and asserting affirmative defenses); *Hydro-Action, Inc. v. Jesse James*, 233 F. Supp. 2d 836, 840 n.1 (E.D. Tex. 2002) (finding no waiver where defendant conducted limited discovery and filed counter- and cross-claims).

Here, Sandoval's sole argument to support her contention of waiver is that Castro filed an answer, asserted affirmative defenses, proceeded with discovery, and scheduled a deposition in state court. However, none of these activities constitute a waiver of Castro's right of removal. Accordingly, the Court finds that Castro did not waive his right to remove this case.

## II. Timeliness of Removal

A defendant must file a notice of removal within thirty days after receiving a copy of a plaintiff's initial petition. 28 U.S.C § 1446(b)(1). Sandoval argues that this thirty-day period for removal began when Sandoval served the Texas Secretary of State as agent for service of process for Castro. On the other hand, Castro contends that the thirty-day period did not begin until March 25, 2022—the date when Castro actually received service. The parties do not dispute that substituted service of process on the Secretary of State was proper in this case since Castro is an out-of-state defendant. Thus, the question before the Court is whether the time for removal begins running when a statutory agent is served with process, or instead when the defendant actually receives a copy of the petition from the statutory agent.

When serving a defendant through a statutory agent, the majority of district courts agree that "the removal period does not begin until the defendant actually receives the process and not on the date the Secretary of State is actually served." *McCrary v. Kansas City S. R.R.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. 2000); *Barrackman v. Banister*, No. H-06-3622, 2007 WL 189378, at *1–2 (S.D. Tex. Jan. 22, 2007) (collecting cases); *Esquivel v. LA Carrier*, No. EP-21-CV-282,

2022 WL 36000, at *3 (W.D. Tex. Jan. 4, 2022) (collecting cases); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (reading § 1446(b) to mean that the removal period begins with receipt of a copy of the initial pleading through any means, not just service of process). This is because the procedural rules of removal are governed by § 1446, which "references 'receipt by' the defendant." 28 U.S.C. § 1446(b)(2)(B); *see also Kurtz v. Harris*, 245 F. Supp. 752, 754 (S.D. Tex. 1965) (concluding the same after performing a plain-meaning analysis of § 1446(b)). Thus, "Texas provisions for service of statutory agents do not constitute 'receipt by the defendant' for the purpose of beginning the thirty-day removal period." *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) (citing *Kurtz*, 245 F. Supp. at 754).

Here, on March 2, 2022, Sandoval served Castro by serving the Texas Secretary of State in accordance with the Texas long arm statute. *See* TEX. CIV. PRAC. & REM. CODE § 17.044. However, Castro did not receive service from the Secretary of State until March 25, 2022. Thus, because the removal period does not begin to run until the defendant actually receives a copy of the plaintiff's complaint, Castro's thirty-day period for removal did not begin to run until March 25, 2022—the date Castro actually received service. Castro then filed his Notice of Removal on April 15, 2022, only 21 days after he received service (Dkt. #1). Therefore, because Castro filed his Notice of Removal within 30 days after actually receiving service, Castro's removal was timely.

### III. Procedural Defect

The Court now turns to whether a procedural defect exists in the Notice of Removal that warrants remand of this matter. The parties do not dispute that Sandoval is an individual residing in Hopkins County, Texas, or that Castro is an individual residing in San Diego County, California

(Dkt. #7 ¶ 12). Rather, Sandoval argues that Castro did not sufficiently allege the citizenship of TBA's members or managers in the Notice of Removal (Dkt. # 5 ¶ 24). In the Notice of Removal, Castro states: "Defendant TBA is a California limited liability company with its principal place of business in San Ysidro, San Diego County, California" (Dkt. #1 ¶ 6). Castro contends that this is sufficient to establish TBA as citizen of California, thus demonstrating complete diversity jurisdiction between the parties (Dkt. # 1 ¶ 7).

The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Accordingly, the Fifth Circuit requires a removing party to "affirmatively and distinctly allege" the citizenship of the parties in the notice of removal. *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988). For a limited liability company, citizenship is determined by considering the citizenship of all of its members or managers. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991). Here, Castro did not identify TBA's members or managers in the Notice of Removal (Dkt. # 1 ¶ 6). Therefore, Sandoval is correct that there is a procedural defect regarding diversity of citizenship in the Notice of Removal.

However, while Castro's Notice of Removal does contain a procedural defect, Castro has provided sufficient evidence in his responsive pleadings that TBA's members are citizens of California and Tennessee, and thus that TBA is a citizen of California and Tennessee for purposes of diversity jurisdiction. Courts have found that "[s]tatements in a responsive pleading to a motion to remand may [ ] cure jurisdictional defects in the removal petition." *Smith v. Wal-Mart Stores, Inc.*, No. EP-08-CV-085, 2008 WL 11333885, at *2 (W.D. Tex. June 23, 2008); *see also Willingham v. Morgan*, 395 U.S. 402, 408 n.3 (1969) ("This material should have appeared in the

7

petition for removal. However, for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits"), *abrogated on other grounds by Osborn v. Haley*, 549 U.S. 225 (2007); *Vane v. Safety-Kleen Sys., Inc.*, No. 3:21-CV-2171, 2021 WL 6063619, at *3 n.2 (N.D. Tex. Dec. 20, 2021) (collecting cases). In his response, Castro provides that TBA's two members, Graciela Camacho and Erik G. Castro, are citizens of California and Tennessee respectively (Dkt. # 7 ¶ 13). Thus, Castro's subsequent filings contain sufficient evidence to establish the citizenship of TBA's members, and thus the citizenship of TBA, for removal purposes.

Moreover, 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Section 1653, "which grants courts authority and discretion to allow parties to cure defective allegations of jurisdiction, 'should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of parties.'" *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 589 (S.D. Tex. 2012) (quoting *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x 62, 66 (5th Cir. 2010)). Here, as stated, Castro's Notice of Removal is procedurally defective. However, given that Castro's subsequent pleadings adequately allege the citizenship of TBA, the Court finds that the procedural defects in the Notices of Removal can be cured by amendment. *See D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979) (stating amendment is permissible where "original petition for removal . . . failed to specifically allege the citizenship of the parties at the time the suit was brought and at the time the removal petition was filed."). Further, Castro indicates that he will "amend his Notice of Removal to reflect the citizenship of the members of Defendant TBA Transport, LLC should the Court want him to do so" (Dkt. #7 ¶ 13). Thus,

pursuant to § 1653, Castro is ordered to file an amended Notice of Removal that adequately alleges diversity jurisdiction no later than August 2, 2022.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Angelica Sandoval's Motion to Remand (Dkt. #5) is hereby **DENIED**.

It is further **ORDERED** that Defendant Erik G. Castro shall file an amended Notice of Removal that adequately alleges diversity jurisdiction no later than Tuesday, August 2, 2022, by 5 P.M. CST.

**IT IS SO ORDERED.**

**SIGNED this 26th day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE